STANDARD LUMBER COMPANY v. THE PENNSYLVANIA RAILROAD COMPANY.

Decided January 10, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Haight, Carey & Hartpence.*

Contra, *George D. Hendrickson.*

PER CURIAM.

This suit was brought to recover compensation for the alleged conversion of lumber belonging to the plaintiff corporation and shipped by it from a point near the Pacific coast, consigned to Frank L. White, and to be delivered to the con-

signee at the railroad company's terminal at the foot of Thirty-seventh street, New York. The proofs showed that this lumber, instead of being carried to the terminal, as provided in the bill of lading, was taken to Jersey City and unloaded at a dock there by the railroad company, after it had notified the consignee of its arrival at that point and he had refused to accept delivery there, insisting that it should be taken by the defendant company to the Thirty-seventh street terminal and delivery made to him at that point. Some weeks after unloading the lumber at Jersey City the defendant company placed it in a barge and took it to its Thirty-seventh street terminal. The result of unloading it in Jersey City and its consequent exposure to the weather, coupled with the transshipping in the barge, caused the lumber to become more or less water-soaked and very much depreciated in value. For this reason the consignee refused to accept the lumber when notified of its arrival at the Thirty-seventh street terminal, and the railroad company then notified the consignor (the present plaintiff) that the lumber was at destination and had been unloaded and stored in the railroad company's warehouse. The plaintiff took no action on this notice, and the railroad company finally sold it, claiming that it had a right to do so under the sixty-eighth section of the railroad lien law of the State of New York, which permits a common carrier to sell unclaimed freight or baggage which has been in its possession for a period of sixty days. The amount sued for, as set out in the *ad damnum* clause of the complaint, was $2,837.04. The jury awarded the plaintiff the sum of $4,379.94, that being the amount of loss claimed by the plaintiff at the trial. The defendant now claims that the verdict should be set aside, first, because the sale of the lumber, being authorized by the statute, did not constitute a conversion; and second, because the verdict is in excess of the amount claimed in the *ad damnum* clause. Other reasons argued by counsel for the defendant for making the rule absolute relate to alleged errors in rulings on testimony and in the charge to the jury. We have examined each of them, and conclude that they are without legal merit.

As to the first of the reasons above referred to—namely, that there had been no conversion of the plaintiff's property by the defendant—we consider it contrary to the fact. The railroad company violated its contract, so far as delivery was concerned, and when the lumber was ready for delivery by it at the place called for in the contract it had so dealt with the lumber as to very materially depreciate it in value. In this situation, the plaintiff, consignor, was under no obligation to take back the lumber in its then state unless the railroad company compensated it for the loss sustained by the former's breach of its contract and its subsequent failure to properly take care of the lumber. This being so, the railroad company had no right under the statute to sell the lumber as unclaimed freight, and its doing so constituted, in our judgment, a conversion thereof.

As to the second ground upon which we are asked to set aside the verdict: There was an application made by the plaintiff subsequent to the trial, and after the present rule to show cause had been granted, to amend the *ad damnum* clause so as to make it correspond to the verdict rendered. The application was made to Mr. Justice Trenchard. He refused to act upon it, and advised counsel that it should be made to the court upon the argument of the rule to show cause. Such an application has been made to us. We fail to see, however, any valid reason for granting it. It was held in *Excelsior Electric Co.* v. *Sweet,* 57 *N. J. L.* 224, that, where the *ad damnum* clause is formal, it might be amended after verdict to conform to the real claim set forth in the pleading, but that where the declaration is for unliquidated damages and contains no indication of the extent of the plaintiff's claims, outside of the *ad damnum* clause, such amendment ought not to be permitted; and the soundness of this rule has never been successfully challenged.

We conclude, therefore, that the verdict should be set aside, for the reason last indicated, unless the plaintiff will consent to accept in satisfaction of this claim the amount set out in the *ad damnum* clause. In that event, judgment may be entered in its favor for such amount. If, however, the plaintiff

shall conclude not to accept such reduced amount in satisfaction of its claim and a new trial is had, it may apply at any time, prior to the holding thereof, for leave to amend its complaint by increasing the *ad damnum* clause.